IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

    Plaintiff,
v.                                                                                            CASE NO. 1:21-cv-124-AW-GRJ

OFFICERS WARREN BROWN and
L. HAYES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Officers Warren Brown and Leah Hayes' Motion to Dismiss Complaint. ECF No. 8. Plaintiff, Paul Walde ("Walde") has responded in opposition, ECF No. 13, so the motion is ripe for resolution. For the reasons discussed below Defendant's Motion to Dismiss is due to be granted without prejudice so Walde may amend his complaint if he wishes to do so.[1]

---

[1] Walde also has filed a Motion for Leave to Amend, ECF No. 17. Although Walde has not attached to the motion the proposed amended complaint, as required by the Local Rules, the Motion for Leave to Amend should be granted when the District Judge addresses this report and recommendation.

## I.  STANDARD OF REVIEW

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*., 127 S.Ct. at 1964 (citations omitted).

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (*citing SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The *pro se* litigant must, for example, "abide by local rules governing the proper form of pleadings." *Id*. Further, "this leniency does not give a court license to serve as *de facto* counsel for a party… or to rewrite an otherwise deficient pleading in order to sustain an action." *GRJ Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on*

*other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (internal citations omitted).   In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## II.  PLAINTIFF'S ALLEGATIONS

Accepting Walde's factual allegations as true (as the Court must when considering a motion to dismiss) after charges against Walde were dropped in another case, Defendant Gainesville Police Officers, Warren Brown ("Brown") and L. Hayes ("Hayes"), colluded together to "make-up" charges against Walde that would "stick."  ECF No. 1 at 5.  According to Walde, based upon these made-up claims, Walde was arrested on September 3, 2020.  *Id*. at 6.  After spending ninety-eight (98) days in jail, the charges against Walde were dropped.  *Id*.

Walde alleges that Officers Brown and Hayes falsely arrested and falsely imprisoned him in violation of his Fourth Amendment rights. *Id*. at 6-7.  For relief, Walde seeks the following damages against Brown and Hayes in their individual (personal) capacity:  $100,000 for lost job; $900,000 for lost property; $200,000 for false imprisonment; $1 million for

pain and suffering; $1 million for psychological damages; and he asks this court to remove him from the sex offender registry. *Id*. at 7.

## III.   DISCUSSION

Walde asserts that his Fourth Amendment rights were violated in two ways.  First, he says Officers Brown and Hayes "made-up" violations that led to Walde's "false arrest."  Second, Walde says the "false arrest" led to Walde's "false imprisonment" for ninety-eight (98) days in violation of his constitutional rights.

### A.   False Arrest Claims.

In the Eleventh Circuit, false arrest is both a violation of the Fourth Amendment and a viable claim under Section 1983. *Ortega v. Christian,* 85 F.3d 1521, 1525-26 (11th Cir. 1996). A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 734 (11th Cir. 2010). To state a claim under Section 1983, a plaintiff must allege a warrantless arrest without probable cause.[2] *See Marx v. Gumbinner,* 905 F.2d 1503, 1505-06 (11th Cir. 1990).  If an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a Section 1983 false arrest claim. *Id.*

---

[2] Here, Walde does not allege a warrantless arrest without probable cause.  Rather, he alleges that Officers Brown and Hayes "made up" violations that resulted in his unlawful arrest and incarceration.  ECF No. 1 at 6.

When an arrest warrant has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, so long as that reliance is objectively reasonable. *See United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420-21, 82 L.Ed.2d 677 (1984). To establish probable cause, a police officer has no duty to investigate every possible claim of innocence. *Rankin v. Evans,* 133 F.3d 1425, 1435-36 (11th Cir.1998).

However, "falsifying facts to establish probable cause is patently unconstitutional." *Kingsland v. City of Miami,* 382 F.3d 1220, 1232 (11th Cir. 2004). The law is well established that the U.S. Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest to detain a citizen. Thus, qualified immunity will not shield the officer from liability for false statements, if the false statements were necessary to establish probable cause. *Malley v. Briggs,* 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986); *Franks v. Delaware,* 438 U.S. 154, 165-71, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (setting forth the truthfulness requirements necessary to support a search warrant).

Thus, even if a magistrate judge approves an arrest warrant, the officer who applied for the warrant may be liable for violating the Constitution if the evidence presented to the judge was insufficient to

establish probable cause. *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). Under this standard, the question is not whether probable cause actually existed; rather, the question is whether the officer had "arguable" probable cause. *Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir. 1990).

Specifically, the Eleventh Circuit has applied *Malley* to hold an officer liable where she secured an arrest warrant based on an affidavit that "articulate[d] neither the basis for her belief that [the suspect] violated the law nor any affirmative allegation that she had personal knowledge of the circumstances of [the] alleged crime." *Kelly v. Curtis,* 21 F.3d 1544, 1555 (11th Cir. 1994); *see also Garmon v. Lumpkin Cty.,* 878 F.2d 1406, 1408-09 (11th Cir. 1989) (holding an officer liable where the affidavit states only that the suspect "did ... commit the offense" because without "information providing the basis for the affiant's belief nor any affirmative allegation that the affiant had personal knowledge of the circumstances surrounding the alleged commission of the crime," the "conclusory assertion clearly is insufficient to establish probable cause." (citations omitted)).

The fundamental flaw In Walde's Complaint, is that he fails to allege any facts suggesting that Officers Brown and/or Hayes were involved in either the application for the arrest warrant, or his actual arrest. Instead,

Walde alleges only that Officers Brown and Hayes "made up" violations that resulted in his arrest. The complaint fails to provide any details about what facts, if any, were "made-up," what crime was the basis of Walde's arrest or what involvement, if any, Officers Brown or Hayes had in Walde's arrest. In the absence of any information in the Complaint concerning the arrest or the alleged fabrication by Officers Brown or Hayes, Walde has failed to allege a plausible claim for false arrest under Section 1983. Consequently, Walde's purported claim for false arrest against Defendants is due to be dismissed.

### B.  False Imprisonment.

A detention based upon a false arrest presents a viable Section 1983 action. *Ortega v. Christian,* 85 F.3d 1521, 1526 (11th Cir. 1996) (*citing Reeves v. City of Jackson,* 608 F.2d 644 (5th Cir. 1979)). A false imprisonment claim under Section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law. *Baker v. McCollan,* 443 U.S. 137, 142, 99 S.Ct. 2689, 2693-94, 61 L.Ed.2d 433 (1979). Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under Section 1983 for false imprisonment based on a detention pursuant to that arrest. *Ortega,* 85 F.3d at 1526 (citation omitted). This false imprisonment claim is grounded

in the Fourth Amendment's guarantee against unreasonable seizures. *Id.* (citations omitted). Under section 1983, a plaintiff must meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Cannon v. Macon Cty.,* 1 F.3d 1558, 1562-63 (11th Cir. 1993) (citation omitted).

The elements of a common law false imprisonment cause of action are "(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) (citations omitted). To establish a cause of action under Section 1983, however, a party must also show that the defendant, while acting under color of law, deprived him of a right "secured by the Constitution and laws" of the United States, which requires a plaintiff to show that the defendant imprisoned him in violation of his fourteenth amendment due process rights. *See Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In the present case, Walde alleges he was "confined" as contemplated in the common law cause of action. But the complaint is devoid of any other information alleging a false arrest. In the absence of a false arrest, or in the absence of allegations that Defendants continued to

hold Walde in custody after the Defendants became aware that there was no probable cause for Walde's arrest, Walde has failed to allege a plausible claim for false imprisonment.

In sum, the Complaint in its present form does not allege plausible Fourth Amendment claims under section 1983 for false arrest or false imprisonment against Officers Brown or Hayes.

Nonetheless, because Walde has filed a motion for leave to file an amended complaint, ECF No. 17, and recognizing that a *pro se* plaintiff "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," *Carter v. HSBC Mort. Servs., Inc.,* 622 F. App'x 783, 786 (11th Cir. 2015), the undersigned recommends that Walde be provided with an opportunity to amend his complaint.

### IV.  CONCLUSION

In view of the above, the undersigned respectfully **RECOMMENDS** that Officers Warren Brown and Leah Hayes' Motion to Dismiss Complaint., ECF No. 8, should be **GRANTED** for failure to state a claim upon which relief may be granted with leave for Plaintiff to amend his complaint within twenty (20) days of the Court's order addressing the report and recommendation. Consequently, the Court also should **GRANT**, Plaintiff's

Motion for Leave to Amend the Complaint. ECF No. 17.

**IN CHAMBERS** in Gainesville, Florida this 29th day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.