IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

      Plaintiff,

v.                                                              CASE NO. 1:21-cv-124-AW-GRJ

OFFICERS WARREN BROWN and
L. HAYES,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Defendant's Motion to Dismiss, ECF No. 23, Plaintiff's First Amended Complaint in this civil rights case brought pursuant to 42 U.S.C. § 1983. ECF No. 21. Plaintiff, Paul Walde ("Walde"), has responded in opposition, ECF No. 24, so the motion is ripe for resolution. For the reasons discussed below the Court concludes that Defendant's Motion to Dismiss should be granted and this case should be dismissed with prejudice as any further amendment of the complaint would be futile.

## I.  STANDARD OF REVIEW

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations."  *Id*. at 679, 129 S.Ct. at 1950. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*., 127 S.Ct. at 1964 (citations omitted).

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth*., 566 U.S. 449 (2012).  When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997) (*citing SEC v. ESM Grp., Inc*., 835 F.2d 270, 272 (11th Cir. 1988)).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants."  *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The *pro se* litigant must, for example, "abide by local rules governing the proper form of pleadings."  *Id*.  Further, "this leniency does not give a court license to serve as *de facto* counsel for a party… or to rewrite an otherwise deficient pleading in order to sustain an action."  *GRJ Investments, Inc. v. Cty. of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on*

*other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.
2d 868 (2009) (internal citations omitted).   In determining whether
a *pro se* litigant has stated a claim, "the court ought not penalize the litigant
for linguistic imprecision in the more plausible allegations," while keeping in
mind that "wildly implausible allegations in the complaint should not be
taken to be true."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff's First Amended Complaint is even more difficult to
understand than his original complaint.  The Court has attempted to piece
together Plaintiff's claims by looking at both filings to understand the events
Plaintiff claims gave rise to this lawsuit.

Accepting Walde's allegations as true, as the Court must at this
stage, Defendant Gainesville Police Officers, Warren Brown ("Brown") and
L. Hayes ("Hayes"), colluded together to "make-up" charges against Walde
that would "stick."  ECF No. 1 at 5.  Based upon these made-up claims,
Walde was arrested on September 3, 2020.  *Id*. at 6.  After spending
ninety-eight (98) days in jail, the charges against Walde were dropped.  *Id*.
Walde says that Brown and Hayes violated his Fourth Amendment rights
by arresting him based upon an "unverified statement over a phone call",

which resulted in his false arrest and false imprisonment.  ECF No. 21 at 2.

For relief, Walde seeks "what is on file with court."  *Id*. at 3.[1]

### III.    DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:

(1) a person acting under color of state law; (2) deprived him or her of a

right secured by the Constitution. *Jones v. Brown,* 649 F. App'x 889, 890

(11th Cir. 2016) (per curiam) (*citing* 42 U.S.C. § 1983).  In this lawsuit,

Walde asserts that his constitutional rights were violated in two ways.  First,

Walde contends that Officers Brown and Hayes "made-up" violations that

led to Walde's false arrest.  Second, Walde complains that the false arrest

led to his false imprisonment for ninety-eight (98) days.  Neither claim is

viable.

### A.    Walde does not state a claim for false arrest.

Walde complains that he was arrested based on an unverified phone

call, which disclosed false information.  ECF No. 21 at 2.  That is not

sufficient to state a false arrest claim.

---

[1] In his original complaint, Walde sought damages against Brown and Hayes in their individual capacity as follows:  $100,000 for lost job; $900,000 for lost property; $200,000 for false imprisonment; $1 million for pain and suffering; $1 million for psychological damages; and he also asked the Court to remove him from the sex offender registry. ECF No. 1 at 7.

In the Eleventh Circuit, false arrest is both a violation of the Fourth Amendment and a viable claim under § 1983. *Ortega v. Christian,* 85 F.3d 1521, 1525-26 (11th Cir. 1996). A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 734 (11th Cir. 2010). To state a claim under § 1983, a plaintiff must allege a warrantless arrest without probable cause.  *See Marx v. Gumbinner,* 905 F.2d 1503, 1505-06 (11th Cir. 1990). If an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a § 1983 false arrest claim. *Id.*  When an arrest warrant has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, so long as that reliance is objectively reasonable. *See United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420-21, 82 L.Ed.2d 677 (1984). To establish probable cause, a police officer has no duty to investigate every possible claim of innocence. *Rankin v. Evans,* 133 F.3d 1425, 1435-36 (11th Cir.1998).

However, "falsifying facts to establish probable cause is patently unconstitutional."  *Kingsland v. City of Miami,* 382 F.3d 1220, 1232 (11th Cir. 2004).  The law is clear that the U.S. Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen and, thus,

qualified immunity will not shield such officer from liability for such false statements, if such false statements were necessary to establish probable cause. *Malley v. Briggs,* 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986); *Franks v. Delaware,* 438 U.S. 154, 165-71, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (setting forth the truthfulness requirements necessary to support a search warrant).

In *Malley v. Briggs,* the Supreme Court established that even if a magistrate judge approves an arrest warrant, the officer who applied for the warrant may be liable for violating the Constitution if the evidence presented to the judge was insufficient to establish probable cause. 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). Under this standard, the question is not whether probable cause actually existed; rather, the question is whether the officer had "arguable" probable cause. *Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir. 1990).

Specifically, the Eleventh Circuit has applied *Malley* to hold an officer liable where she secured an arrest warrant based on an affidavit that "articulate[d] neither the basis for her belief that [the suspect] violated the law nor any affirmative allegation that she had personal knowledge of the circumstances of [the] alleged crime." *Kelly v. Curtis,* 21 F.3d 1544, 1555 (11th Cir. 1994); *see also Garmon v. Lumpkin Cty.,* 878 F.2d 1406, 1408-09

(11th Cir. 1989) (holding an officer liable where the affidavit states only that the suspect "did ... commit the offense" because without "information providing the basis for the affiant's belief nor any affirmative allegation that the affiant had personal knowledge of the circumstances surrounding the alleged commission of the crime," the "conclusory assertion clearly is insufficient to establish probable cause." (citations omitted)).

Therefore, the Court must determine whether Walde's Complaint contains "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949 (internal quotation marks omitted). Accordingly, the dismissal of Walde's § 1983 claim against Officers Brown and Hayes must be denied if Walde's Complaint contains sufficient facts to plausibly suggest (1) that they falsely secured a warrant for Walde's arrest, or (2) that they lacked arguable probable cause when they secured the warrant. *See Carter v. Gore*, 557 F. App'x 904, 909 (11th Cir. 2014) (per curiam).

Walde does not allege a warrantless arrest without probable cause. Rather, in his initial complaint, Walde alleges that Officers Brown and Hayes "made up" violations that resulted in his unlawful arrest and incarceration. ECF No. 1 at 6. In the amended complaint, however, Walde alleges that his arrest was based upon an "unverified statement over a

phone call which was handed over to Officer Brown." ECF No. 21 at 2.

In light of these conflicting statements, at best, Officers Brown and Hayes "made up" violations that resulted in Walde's arrest. That allegation is, however, not sufficient to state a false arrest claim. That is because Walde failed to supply any information about what was the alleged "made up" evidence. Moreover, Walde does not allege that Defendants, in fact, secured a warrant for his arrest and that they lacked arguable probable cause when they did so. Unless Defendants knew the information communicated by telephone was false (which is not alleged), no false arrest occurred.

Walde also fails to allege what crime he was arrested for, fabricated or otherwise. Rather Walde simply states that he "did not violate any sex offender laws." ECF No. 1 at 6. Finally, Walde asserts no facts whatsoever to support the notion that Officers Brown and/or Hayes were involved in either the application for, or his actual arrest. As a result, Walde fails to state a § 1983 claim for false arrest against either Defendant. These claims are, therefore, due to be dismissed.

**B.    Walde does not state a claim for false imprisonment.**

Walde next complains that he was unconstitutionally jailed for ninety-eight (98) days.  These bare allegations are insufficient to state a claim for false imprisonment.

A detention on the basis of a false arrest presents a viable § 1983 action.  *Ortega v. Christian,* 85 F.3d 1521, 1526 (11th Cir. 1996) (*citing Reeves v. City of Jackson,* 608 F.2d 644 (5th Cir. 1979)).  A false imprisonment claim under § 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law. *Baker v. McCollan,* 443 U.S. 137, 142, 99 S.Ct. 2689, 2693-94, 61 L.Ed.2d 433 (1979). Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest.  *Ortega*, 85 F.3d at 1526 (citation omitted). This false imprisonment claim is grounded in the Fourth Amendment's guarantee against unreasonable seizures.  *Id.* (citations omitted). To state a claim for false imprisonment under § 1983, a plaintiff must meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment.  *Cannon v. Macon Cty.,* 1 F.3d 1558, 1562-63 (11th Cir. 1993) (citation omitted).

The elements of a common law false imprisonment cause of action are "(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) (citations omitted).  To establish a cause of action under § 1983, however, a party must also show that the defendant, while acting under color of law, deprived him of a right "secured by the Constitution and laws" of the United States, which requires a plaintiff to show that the defendant imprisoned him in violation of his fourteenth amendment due process rights. *See Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In the present case, Walde was "confined" as required under the common law cause of action.  Walde, however, makes only cursory allegations that Defendants had anything to do with it, *i.e.*, they "made up" violations that resulted in Walde's arrest.  Walde does not allege the reason for his arrest and incarceration; he only says that he "did not violate sex offender laws."  ECF No. 1 at 6.  Without more, Walde fails to state a § 1983 claim for false imprisonment, especially against these Defendants, whom he does not allege either arrested or imprisoned him.  Further, as discussed above Walde has not established that the Defendants supplied

the alleged false information that resulted in his arrest.  Without a false

arrest claim, Walde has no false imprisonment claim.

### C.    Walde has no civil conspiracy claim.

Finally, construing the complaint quite liberally, Walde cannot state a

civil conspiracy claim based on his bald assertion that the Defendants

colluded together to make-up unspecified violations against him.

To make a prima facie case for conspiracy to violate civil rights

under § 1983, a plaintiff must show: (1) a violation of Plaintiff's federal

rights; (2) an agreement among the Defendants to violate those rights; and

(3) an actionable wrong. *Geidel v. City of Bradenton Beach,* 56 F. Supp. 2d

1359, 1364 (M.D. Fla. 1999). Thus, to sustain a conspiracy action under §

1983, Plaintiff "must show an underlying actual denial of [his] constitutional

rights." *GJR Investments v. County of Escambia,* 132 F.3d 1359, 1370

(11th Cir.1998); *Grider v. City of Auburn, Ala.,* 618 F.3d 1240, 1260 (11th

Cir. 2010) (citation omitted). "The plaintiff attempting to prove such a

conspiracy must show that the parties reached an understanding to deny

the plaintiff his or her rights. The conspiratorial acts must impinge upon the

federal right; the plaintiff must prove an actionable wrong to support the

conspiracy." *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir. 1990)

(citations and internal quotation marks omitted). A plaintiff claiming a §

1983 conspiracy must prove the defendants "reached an understanding" to violate the plaintiff's constitutional rights. *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.,* 956 F.2d 1112, 1122 (11th Cir. 1992) ("the linchpin for conspiracy is agreement"). Factual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence. *Burrell v. Bd. of Trs. of Ga. Military Coll.,* 970 F.2d 785, 789 (11th Cir. 1992), abrogated on other grounds in *Ziglar v. Abbasi*, _____ U.S. _____, 137 S.Ct. 1843 (2017).

In this case, Walde fails to allege any agreement between the Defendants to deprive him of a federal right.  Although Walde does maintain that the Defendants colluded with each other to fabricate violations that resulted in his imprisonment—the charges which were later dropped— the collusion Walde alleges does not implicate an agreement on Defendants' part to violate Walde's constitutional rights.  Consequently, Walde has failed to state a claim for civil conspiracy.

## IV.    CONCLUSION

In sum, Plaintiff's First Amended Complaint fails to state a § 1983 claim against either Defendant in this case.  Walde was previously afforded an opportunity to amend his complaint to cure the deficiencies pointed out by the Court as required by *Carter v. HSBC Mort. Servs., Inc.,* 622 F. App'x 783, 786 (11th Cir. 2015) ("A *pro se* plaintiff… '*must* be given at least one

chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim.") (citations omitted).   Instead of curing those deficiencies, Plaintiff filed an even more uncurable pleading.  The Court concludes, therefore, that it would be futile to allow Plaintiff any further amendment. See *Hall v. HSBC Mortg. Servs., Inc.,* 581 F. App'x 800, 803 (11th Cir. 2014) (per curiam) (affirming denial of counseled plaintiff's motion for leave to amend based on futility of amendment); *Mitchell v. Thompson,* 64 F. App'x 452, 457 (11th Cir. 2014) (per curiam) (affirming denial of *pro se* plaintiff's motion for leave to amend based on futility of amendment). At this juncture, it is apparent that Plantiff cannot support his allegations against Defendants with more than general conclusory statements.

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss, ECF No. 23, should be **GRANTED** and this case should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Gainesville, Florida this 16th day of June 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.